IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DAVID LEWIS TUCKER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. CIV-14-971-R |
| ) | |
| ROGER REEVE, Washita Co. ) | |
| Sheriff, ) | |
| ) | |
| Respondent. ) | |

# REPORT AND RECOMMENDATION

## I. Petition and background.

By petition filed pursuant to 28 U.S.C. § 2241, Petitioner seeks to challenge his detention in the Washita County jail pending trial in the District Court of Washita County, Oklahoma, in Case No. CF-2014-110. Doc. 1, at 1-2.[1] He complains of excessive bond, illegal prosecution, illegal search, and the denial of a speedy trial. *Id.* at 6, 7. Petitioner "would like this case dismissed and my person released immediately . . . [and would a]lso . . . like the D.A. severely sanctioned for frivolous case filing and malicious prosecution." *Id.* at 8.

The undersigned takes judicial notice of the public records of the District Court of Washita County which reflect that Petitioner has been charged in Case

---

[1] Page citations to the petition are in sequential order and reflect this Court's CMECF pagination.

No. CF-2014-110 with second-degree burglary after "former conviction of two or more felonies" and is awaiting a November 18, 2014 preliminary hearing. *See* http://www1.odcr.com/detail?court=075-&casekey=075-CF++ 1400110 (last accessed Sept. 15, 2014). These same records reflect that Petitioner is represented by counsel. *Id.*

United States District Judge David L. Russell has referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the undersigned has promptly examined the petition and recommends that this Court abstain from exercising its jurisdiction to intervene in a criminal proceeding brought by the State of Oklahoma.

## II.  Abstention.

In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court determined that federal court abstention is required when three conditions are met: (1) there are ongoing state proceedings; (2) the state proceedings provide an adequate forum to hear Petitioner's federal claims; and (3) the state proceedings implicate important state interests. *Chapman v. Oklahoma*, 472 F.3d 747, 749 (10th Cir. 2006).

Here, Petitioner's claims unquestionably relate to an ongoing state criminal proceeding. Also without question, the State of Oklahoma has an

important interest in prosecuting crimes that have allegedly occurred within its jurisdiction. And, Oklahoma law offers Petitioner – who is represented by counsel – the opportunity to assert his federal constitutional claims, including at his upcoming preliminary hearing where it will be determined if there is "probable cause that a crime was committed and probable cause that the defendant committed the crime." Okla. Stat. tit. 22, § 258. Should Petitioner be tried and convicted, he may raise his federal constitutional claims on direct appeal and by application for post-conviction relief. *Id.* §§ 1051, 1080.

In addition, Petitioner's conclusory and speculative assertions fail to implicate any of the three narrow exceptions to *Younger* abstention: (1) "proven harassment," (2) a "prosecution[] undertaken by state officials in bad faith without hope of obtaining a valid conviction," or (3) "extraordinary circumstances" that involve irreparable injury. *Perez v. Ledesma*, 401 U.S. 82, 85 (1971).

## III. Recommendation and notice of right to object.

For the stated reasons, the undersigned recommends that the petition for habeas corpus relief be dismissed without prejudice.

The undersigned advises Petitioner of his right to file an objection to this Report and Recommendation with the Clerk of this Court on or before October 5, 2014, in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2).

The undersigned further advises Petitioner that failure to file a timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

The undersigned directs the Clerk of Court to transmit a copy of this Report and Recommendation through electronic mail to the Attorney General of the State of Oklahoma on behalf of the Respondent at the following address: fhc.docket@oag. state.ok.us.

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

ENTERED this 15th day of September, 2014.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE