## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

DAVID LEWIS TUCKER,        )
                           )
    Petitioner,        )
                           )
v.                         )        Case No. CIV-14-971-R
                           )
ROGER REEVE, Washita Co.   )
Sheriff,                   )
                           )
    Respondent.        )

## ORDER

Before the Court is the Report and Recommendation of United States Magistrate

Judge Suzanne Mitchell entered September 15, 2014.  Doc. No. 6. Petitioner has filed an

Objection to the Magistrate Judge's conclusions in the Report and Recommendation.

Doc. No. 7. Pursuant to 28 U.S.C. § 636(b)(1)(B), the Court reviews the Report and

Recommendation *de novo* in light of Petitioner's objections.

Petitioner files under 28 U.S.C. § 2241 seeking review of his pretrial detention in

Washita County Jail, where he awaits trial for Second Degree Burglary. Doc. No. 1, at 1-

2; http://www1.odcr.com/detail?court=075-&casekey=075-CF++1400110 (last accessed

October 1, 2014). He alleges excessive bond, illegal prosecution, illegal search, and

denial of a speedy trial. Doc. No. 1, at 6-7. Petitioner asks the Court to sanction District

Attorney Dennis Smith for malicious prosecution, and to order his immediate release and

his case dismissed. *Id.* at 8, 13.

**_Younger_ Abstention**

Judge Mitchell recommends that this Court abstain from exercising its jurisdiction in this case under the _Younger_ doctrine. _Younger_ requires the Court to consider three factors when deciding whether abstention is required:

> (1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.

_Chapman v. Oklahoma_, 472 F.3d 747, 749 (10th Cir. 2006) (citation omitted). There is an ongoing state criminal prosecution in this case, and there can be no dispute that the state of Oklahoma has an interest in prosecuting criminal cases to their conclusion, without interference from the federal court. Therefore, the only issue is whether the state court offers an adequate forum to hear Petitioner's claims.

The Court finds that Petitioner is able to adequately have his claims heard in Oklahoma state court. First, regarding his allegation of excessive bond, Petitioner may bring a petition for habeas corpus in state court seeking a reduction of bail. _See, e.g._, _Application of Pulliam_, 356 P.2d 755 (Okla. Crim. App. 1960) (reviewing a petitioner's request for reduction of bail in pending cases). Second, his claim of illegal prosecution may also be raised in state court. Petitioner has a right to a preliminary hearing in which a magistrate will determine if there is probable cause that he committed the crime. OKLA. CONST. art. II, § 17 ("No person shall be prosecuted for a felony by information without having had a preliminary examination before an examining magistrate, or having waived such preliminary examination."); OKLA. STAT. ANN. tit. 22, § 258 (West) ("A preliminary

magistrate shall have the authority to limit the evidence presented at the preliminary hearing to that which is relevant to the issues of … whether there is probable cause to believe the defendant committed the crime."). Third, Petitioner may file in state court a motion to suppress evidence obtained as a result of an illegal search or seizure. *See, e.g.*, *Jacobs v. State*, 128 P.3d 1085 (Okla. Crim. App. 2006) (reviewing a Fourth Amendment claim originally asserted in the trial court via a motion to suppress illegally obtained evidence). Finally, regarding his desire for a speedy trial, Petitioner may file a writ of habeas corpus ad prosequendum in state court. *See, e.g.*, *Johnson v. District Court of Muskogee Cnty.*, 413 P.2d 914, 914-15 (Okla. Crim. App. 1966) (directing petitioner to file such a writ if he desires a speedy trial).

### Exceptions

Although all three considerations of *Younger* abstention are met, there are exceptions to this doctrine. Intervention into a state proceeding is appropriate "in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown." *Perez v. Ledesma*, 401 U.S. 82, 85 (1971). In assessing whether a state action was commenced in bad faith or intended to harass, the Court considers:

> (1) whether it was frivolous or undertaken with no reasonably objective hope of success; (2) whether it was motivated by the defendant's suspect class or in retaliation for the defendant's exercise of constitutional rights; and (3) whether it was conducted in such a way as to constitute harassment and an abuse of prosecutorial discretion, typically through the unjustified and oppressive use of multiple prosecutions.

*Phelps v. Hamilton*, 59 F.3d 1058, 1065 (10th Cir.1995) (citations and footnotes omitted). "[I]t is the plaintiff's 'heavy burden' to overcome the bar of *Younger* abstention by setting forth more than mere allegations of bad faith or harassment." *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997) (citation omitted).

## A. Frivolous Charge

The Court finds that Petitioner has not proven that the burglary prosecution was "frivolous or undertaken with no reasonably objective hope of success." Although Petitioner alleges that "[t]here is no evidence to support their alleged burglary allegation," the only document he offers as support is the probable cause affidavit for Petitioner's arrest warrant. Doc. No. 1, at 6. The affidavit, however, contains allegations that would reasonably support a burglary conviction. Therefore, Petitioner has failed to demonstrate that his burglary charge was frivolous.

Petitioner also alleges that he was "charged fraudulently in Beckham Co. for drugs found in police car, on someone else. Just because this person said they were mine." Doc. No. 1, at 13. Because Petitioner merely alleges that this charge was frivolous, the Court need not consider whether the filing of an unrelated drug charge would justify intervention into a subsequent prosecution for burglary. *See Phelps*, 59 F.3d at 1066 ("Under *Younger,* intervention cannot be predicated on mere allegations; rather, the federal plaintiff must *prove* bad faith or harassment before intervention is warranted.").

**B. Suspect Class/Retaliation**

Furthermore, Petitioner has not alleged that Smith's actions were "motivated by the defendant's suspect class or in retaliation for the defendant's exercise of constitutional rights." *Phelps*, 59 F.3d at 1065. Defendant has not alleged that he belongs to a suspect class, or that he has exercised his constitutional rights to his detriment. Therefore, the Court must determine whether Petitioner's allegations "constitute harassment and an abuse of prosecutorial discretion." *Id.*

**C. Harassment**

Petitioner alleges the following: (1) Smith was in some way responsible for him missing a court date because he was incarcerated in Comanche County at the time, and "[t]here is no reason for Smith not to know where [he] was," Doc. No. 1, at 14; (2) Smith asked for Petitioner's bond in the burglary case to be raised from $30,000 to $100,000 in order to "hamper [his] progress in other cases," *id.*; (3) Smith has not charged anyone with the theft of his car, even though "someone was pulled over and the car was impounded the same day," Doc. No. 1, at 15; and (4) Smith delayed charging him with burglary for five months, *id.* Petitioner notes that the probable cause affidavit for the burglary was sworn on June 9, 2014, yet it was not filed until July 18, 2014. Doc. No. 1, at 10, 12. He believes that Smith waited until he was released from Beckham Co. Jail to charge him with burglary. Doc. No. 1, at 16. The Court finds these claims insufficient to satisfy the Petitioner's "heavy burden" of proving that the prosecution has been conducted in a harassing manner. *Phelps*, 122 F.3d at 889.

## D. Irreparable Injury

Finally, Petitioner has failed to demonstrate irreparable injury if the Court does not intervene. The "irreparable injury" contemplated by *Younger* "must be one that cannot be eliminated by [Petitioner's] defense against a single criminal prosecution." *Younger v. Harris*, 401 U.S. 37, 46 (1971). Petitioner argues that he will suffer an irreparable injury due to a violation of his privacy rights and his attorney questioning him before saying that he had a conflict of interest because he represented the co-defendant. Doc. No. 7. But Petitioner's "pending state court action may resolve any violation which may have occurred to his protected rights." *See Weitzel v. Div. of Occupational & Prof'l Licensing*, 240 F.3d 871, 877 (10th Cir. 2001). Accordingly, he suffers no irreparable injury under *Younger*.

Because all three requirements of *Younger* abstention are present, and Petitioner has failed to demonstrate that he falls within an exception, the Court declines to exercise jurisdiction over this case.

In accordance with the foregoing, the Report and Recommendation of the Magistrate Judge is ADOPTED, as supplemented herein, and the Petition [Doc. No. 1] is DISMISSED.

IT IS SO ORDERED this 2nd day of October, 2014.

*David L. Russell*

**DAVID L. RUSSELL**
**UNITED STATES DISTRICT JUDGE**